Houghton *v.* Stowell.

RICHARD W. HOUGHTON *versus* JOHN B. STOWELL.

In an action of debt, brought to recover back money paid as usurious interest, an amendment, by leave of the District Court, changing the form of the action to case, is unauthorized by law and void, and the writ remains as before the alteration, an action of debt.

It is competent for the Court to permit an amendment, which shall make the language of the declaration pertinent to the form of action.

Debt is a proper form of action to recover back money paid as usurious interest.

Under the provisions of the Revised Statutes, c. 69, the person paying usurious interest may recover it back, although a party to the illegal contract.

THE facts on which the decision of the Court rests appear in the opinion.

*Codman,* for the defendant, said that when a case comes to this Court from the District Court by appeal, a paper cannot be read as a copy of the writ, unless it is certified by the clerk to be a true copy. The presiding Judge therefore erred in permitting the paper to be read.

The plaintiff had no right to alter the writ, even with leave of Court. The amendment should be added by a new count, or other addition, and not by erasing any thing once upon the writ.

The remedy to recover back money paid as usurious interest is case or assumpsit, and not debt.

The plaintiff violated the law equally with the defendant, and cannot recover back money paid under an illegal contract.

*Gerry,* for the plaintiff, said that the amendment originally permitted in the District Court was wholly unauthorized, and therefore when ruled to be inadmissible in this Court, and ordered to be stricken out, the writ was necessarily as it was before. Howe's Practice, 378.

The objection to the certificate of the clerk has no foundation. He certified to all the facts as they took place. 1 Greenl. Ev. 544.

Debt is the proper form of action. All penalties are to be

recovered by an action of debt, if the statute gives no other form of action. 1 Chitty's Pl. 108 ; 10 Mass. R. 368.

The statute, c. 69, § 5, expressly gives the action to the party to the contract.

The opinion of the Court was delivered at the same term by

SHEPLEY J. — An action of debt was commenced to recover the amount of unlawful interest paid by the plaintiff to the defendant. An amendment was allowed in the District Court, by which it was changed to an action of the case. Exceptions were taken, and this Court decided, that the amendment was not authorized by law.

On trial of the action at a subsequent term of this Court the plaintiff's attorney proposed to read a copy of the writ as it was originally made. This was objected to, and the objection was overruled. The plaintiff was permitted to amend his declaration to make it conform to the nature of the action as an action of debt. To this objections were made, which were overruled.

The change from debt to case, being unauthorized, the action in legal contemplation remained as before, an action of debt. That which is done without legal or competent authority, is inoperative. Should a change of language be made in a writ by a stranger wholly unauthorized, no one would doubt, that the plaintiff's rights would not be affected by it, and that he might restore the writ to its original condition. Such a change must be equally inoperative, when made by permission of a Court without any lawful right to grant it. The plaintiff might well be permitted to erase language found to be in the writ without legal authority, and to restore the language, which had without authority been erased.

The amendment of the declaration to make it conform to the nature of the action did not introduce a new or different cause of action, and it was legally authorized.

It was further contended in defence, that an action of debt could not be maintained. The statute c. 69, § 5, provides, that the amount paid as illegal interest may be recovered back

Houghton *v.* Stowell.

"by an action at law," leaving the form of the action to be determined by law. Debt is a proper action for the recovery of a sum certain, secured to the party by a statute, unless some other remedy be provided. It may often be maintained, when assumpsit might also be maintained. The distinction between debt and assumpsit is, that debt is founded upon the contract, or statute liability, and assumpsit upon the promise. When the action of debt could be maintained was much discussed in the case of *Bullard* v. *Bell*, 1 Mason, 243. Mr. Justice Story appears to have come to the conclusion, that it was often the proper remedy to enforce a right secured by a statute, while it was not necessarily the correct or only remedy. That the form of the action must depend upon the provisions of the statute. It would not of course be the proper remedy to recover uncertain damages provided by statute as a compensation for an injury. But in this case it may well be maintained, for the plaintiff could not recover without proof that he had paid a sum as unlawful interest, which could be ascertained and rendered certain by testimony.

The presiding Judge correctly refused to instruct the jury as requested. The plaintiff's right to recover is not by the statute made to depend upon an actual or supposed freedom from a participation in a violation of law. On the contrary the right to recover is given to one, who was assumed to have been a party to an unlawful transaction. Nor can the reception of unlawful interest on the sums paid until applied to the payment of his debt, deprive the plaintiff of a right secured to him by statute ; for that alone must determine the circumstances under which he may be entitled to recover. The Court cannot interpose as a condition of his right to recover, a freedom from blame, which the statute does not require.

It does not appear to be necessary to enter upon a discussion to show, that the defendant could not have been aggrieved by the instructions which were given to the jury.

*Judgment on the verdict*